UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRACE DICKERSON,<br><br>       Plaintiff,<br><br>-against-<br><br>NATIONAL HOCKEY LEAGUE and NHL ENTERPRISES, L.P.,<br><br>       Defendants. | Case No. 1:25-cv-07392 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  Plaintiff Grace Dickerson brings this action against Defendants National Hockey League (the "NHL") and NHL Enterprises, L.P. (the "LP Defendant"), invoking the Court's subject matter jurisdiction based on diversity of citizenship. *See* Dkt. 1 ("Compl.") ¶ 7. Plaintiff alleges that there is complete diversity because she "is a citizen of California, and Defendants are citizens of New York." *Id.* However, Plaintiff has not properly alleged the citizenship of either Defendant.

  Defendant NHL is alleged to be "a joint venture, organized as an unincorporated association." Compl. ¶ 5. "The citizenship of an unincorporated association for diversity purposes has been determined for nearly 100 years by the citizenship of each and every member of that association." *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 242 (2d Cir. 1987) (collecting cases); *accord ANHAM USA, Inc. v. Afghan Glob. Ins.*, No. 23-cv-02763 (CS), 2024 WL 3362991, at *5 (S.D.N.Y. July 10, 2024). Plaintiff pleads that the NHL "maintains a principal place of business in New York, New York," and "operates a professional ice hockey league comprised of member clubs located across the United States and Canada," Compl. ¶ 5, but does not plead the citizenship of any member of the association. Plaintiff's failure to identify

and provide citizenship information for NHL's members makes it impossible for the Court to determine whether there is complete diversity among parties.

In addition, Plaintiff has not properly alleged the citizenship of the LP Defendant. Compl. ¶ 6.  It is well established that for purposes of diversity jurisdiction, a limited partnership has the citizenship of each of its general and limited partners.  *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000) (collecting cases).  Plaintiff has not alleged the citizenship of the LP Defendant's partnership and has instead alleged the place of its incorporation (Delaware) and its principal place of business (New York).  Compl. ¶ 6. The Complaint therefore fails to allege the citizenship of the Defendant limited partnership.

Accordingly, it is hereby ORDERED that, on or before **September 15, 2025,** Plaintiff shall amend the Complaint to allege the citizenship of each constituent person or entity comprising the NHL and the LP Defendant.  If Plaintiff does not amend the Complaint to adequately allege the parties' citizenship by that date, the Court will dismiss this action for lack of subject matter jurisdiction without further notice.

SO ORDERED.

Dated: September 8, 2025
New York, New York

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge